# EXHIBIT A

# THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

QUENTON ALAME,                          )
                                        )
     **Plaintiff,**                    )
                                        )     **Case No.:  2:13-cv-04280-NKL**
**v.**                                  )
                                        )
**NORRED & ASSOCIATES, INC.,**          )
                                        )
     **Defendant.**                    )
                                        )

## SECOND AMENDED SETTLEMENT AGREEMENT

This Second Amended Settlement Agreement (hereinafter "Settlement Agreement" or "Agreement") is made and entered into, by and among Plaintiff Quenton Alame ("Named Plaintiff"), on behalf of himself and the members of certain settlement classes defined below (collectively "Plaintiffs"), which classes Named Plaintiff shall be deemed for purpose of this Agreement to represent, and Norred & Associates, Inc. ("Norred").  This Agreement replaces and supplants the parties' prior Settlement Agreement, filed on January 5, 2015, as Exhibit A to the parties Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 63), as well as the parties' Amended Settlement Agreement, filed with the Court on February 25, 2015 (Doc. 69).

## RECITALS

**WHEREAS,** on November 22, 2013, Named Plaintiff filed a lawsuit against Norred in the Circuit Court of Cole County, Missouri, styled *Quenton Alame, Individually And On Behalf of All Others v. Norred & Associates, Inc.*, with such action subsequently removed to the United States District Court for the Western District of Missouri in Case No. 2:13-cv-04280-NKL ("the Litigation");

Case 2:13-cv-04280-NKL   Document 73-1   Filed 03/27/15   Page 2 of 62

**WHEREAS,** the Litigation, pled as a putative class action by Named Plaintiff, asserts claims under the Fair Credit Reporting Act ("FCRA"), and alleges that Norred did not comply with certain requirements of the FCRA with respect to disclosure and pre-adverse action notice in connection with background checks conducted on individuals applying for employment;

**WHEREAS,** on September 5, 2014, after nearly four (4) months of negotiations between counsel, the parties reached a compromise in principle of the Litigation on a class basis, contingent upon the negotiation and execution by the parties of a final agreement that is approved by the Court;

**WHEREAS,** Norred denies that it has engaged in any wrongdoing, does not admit or concede any actual or potential fault or liability with respect to any facts or claims that have been asserted or which could have been asserted in the Litigation, denies that the alleged conduct attributed to Norred in the Lawsuit is covered by the FCRA, asserts that even if its alleged conduct is covered by the FCRA, Norred has not violated the FCRA, denies that the claims asserted by Named Plaintiff are suitable for class treatment other than for settlement purposes, but has agreed to this Settlement Agreement because of the substantial expense of the litigation, the length of time necessary to resolve the issues presented, and the inconvenience and business disruption involved in continuing the litigation;

**WHEREAS,** counsel representing Named Plaintiff and the Settlement Classes defined below in connection with the Litigation are aware that Norred has defenses to Plaintiffs' allegations and that there are claims upon which Norred might prevail, and that as a result Plaintiffs and the Settlement Classes might not receive any benefit or consideration for the claims that have been asserted in the Litigation;

**WHEREAS,** counsel representing Plaintiffs and the Settlement Classes defined below in connection with the Litigation have conducted a thorough study and investigation of the law and facts relating to the claims that have been asserted and that could have been asserted in the Litigation, as well as a thorough study and investigation of the scope and identity of the Settlement Classes, and have concluded, taking into account the benefits of this Settlement and the risks and delays of further litigation, that this Settlement is fair and reasonable and in the best interests of the Settlement Classes;

**WHEREAS,** subject to the approval of the Court, the parties wish to terminate the Litigation and effect the compromise embodied in this Settlement Agreement;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned parties that the claims asserted in the Litigation shall be settled, compromised, released, subject to the approval of the Court, upon and subject to the following terms and conditions:

<u>**SETTLEMENT CLASSES AND ADMINISTRATION**</u>

1.      There are two settlement classes (the "Settlement Classes") as defined below. Composition of the Settlement Classes in all cases shall be based exclusively upon Norred's records.

      a.      The "Disclosure Class" shall include all employees and prospective employees of of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, during the period of November 20, 2011 to September 23, 2014, and who executed Norred's Consumer Authorization form.

b. The "Adverse Action Class" shall include all employees and prospective employees of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) Norred decided not to employ the employee or prospective employee because of the results of the criminal background check during the period of November 20, 2011 to September 23, 2014; and (ii) Norred did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Norred's decision not to employ the employee or prospective employee. For the purpose of this Settlement Agreement, condition (i) in this class definition shall include employees and prospective employees who Norred decided not to employ based on dishonesty confirmed by the results of the criminal background check.

2. The parties have agreed that Rust Consulting, Inc. (hereinafter "Rust Consulting" or "Settlement Administrator"), an independent third party, will administer the Settlement. The parties agree that the Settlement Administrator shall be an independent contractor, and not the agent of any party or any party's counsel. All fees and expenses charged by the Settlement Administrator shall be deducted from the Settlement Fund, as defined below.

## THE PRELIMINARY APPROVAL ORDER

3. This Agreement has been presented in conjunction with the parties' previously filed Joint Motion for Preliminary Approval of Class Action Settlement, wherein the parties have requested that the Court enter an Order granting preliminary approval of the Settlement in substantial likeness to Exhibit A, attached hereto, which will accomplish the following:

a. Find that the requirements of the Federal Rules of Civil Procedure and any other requirements for certification of a settlement class have been satisfied, and certify the Settlement Classes;

b. Provide that the Settlement shall apply to the Settlement Classes;

c. Preliminarily approve the Settlement Agreement as fair, reasonable and adequate;

d. Find that the class notice procedure set forth below satisfies the requirements of due process and applicable law and procedure;

e. Apprise Plaintiffs of their right to opt out of, or object to, the Settlement;

f. Set the time period for opting out and filing objections, such date to be not more than forty-five (45) days after the date of mailing of the Short Form Class Notice defined below to members of the Settlement Classes;

g. Set a date for the hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Fairness Hearing"), such date to be not less than seventy-five (75) days after the date of mailing of the Short Form Class Notice defined below to members of the Settlement Classes;

h. Appoint Named Plaintiff as class representative for the Settlement Classes; and

i. Appoint Brown & Associates, LLC, as class counsel to the Settlement Classes.

## NOTICE

4. The Short Form Class Notice, attached as <u>Exhibit B</u>[1], which shall be in the form of a double-sided postcard, shall apprise Plaintiffs of the existence of the Settlement Agreement and direct them to a toll-free number for the Settlement Administrator if they have any questions

---

[1] The sample attached as <u>Exhibit B</u> will be tailored to reflect the specific Settlement Class to which each Plaintiff belongs, as reflected by Norred's records.

about the Settlement. The Short Form Class Notice shall notify each Plaintiff of the Settlement Class to which he or she belongs. The Short Form Class Notice shall also direct Plaintiffs to a website (the "Settlement Website"), to be established and maintained by the Settlement Administrator until the end of the claims period, that will include the Long Form Class Notice, attached as Exhibit C. The Long Form Class Notice shall:

a.   Inform Plaintiffs of the material terms of the Settlement Agreement;

b.   Inform Plaintiffs of their right to object to the proposed Settlement, and that any objection to the proposed Settlement must be filed with the Court (via the Clerk of the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101) and served upon all counsel of record by first class mail on or before a date specified by the Court, but not more than forty-five (45) days after the date of mailing of the Short Form Class Notice;

c.   Inform Plaintiffs that any persons who seek to exclude themselves or "opt out" from the Settlement Classes must do so in writing, sent by first class mail, on or before a date specified by the Court, but no more than forty-five (45) days after the date of mailing of the Short Form Class Notice;

d.   Inform Plaintiffs that if they do not opt out of the Settlement Classes, they will be bound by the Settlement;

e.   Identify the *cy pres* recipient to which unclaimed settlement funds may be donated (see Paragraph 25 below);

f.   Inform Plaintiffs that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on a date fixed by the Court not fewer than seventy-five (75) days after the date of mailing

of the Short Form Class Notice, and provide the date, time and location of the

Final Fairness Hearing; and

g.     Inform Plaintiffs that the Court retains the right to reschedule the Final Fairness

Hearing without further notice.

The Settlement Website shall also include copies of the Settlement Agreement with attachments,

relevant pleadings, the Order Granting Preliminary Approval of the Settlement, a Change of

Address Form (substantially in the form attached hereto as <u>Exhibit D</u>) available for any Plaintiffs

that choose to notify the Settlement Administrator of a change of address for mailing checks

pursuant to Paragraph 18 of this Settlement Agreement, and a toll-free telephone number for the

Settlement Administrator that Settlement Class Members can call if they have any questions

about the Settlement.  The Settlement Website will not be user-interactive, and any content of

such website beyond the description in this paragraph will be subject to mutual agreement of the

parties.

5.     Determination of the individuals who are Plaintiffs in the Litigation shall in all

cases be determined based exclusively upon Norred's records.  Within thirty (30) days of entry

of the Preliminary Approval Order, Norred will obtain from its records and provide to the

Settlement Administrator the last known mailing address and the last four digits of the social

security number data that it possesses for each Plaintiff.  All such addresses will be run through

the database(s) commonly used by the Settlement Administrator to update them before the Short

Form Class Notice is sent.  Within forty-five (45) days of entry of the Preliminary Approval

Order described above, the Settlement Administrator shall mail the Short Form Class Notice by

U.S. mail to each Plaintiff identified from Norred's records. The date of the postmark deadline

for objecting or opting out shall be printed on the Short Form Class Notice.  If the Settlement

Administrator chooses to deposit the notices in the mail on a "staggered" basis over a period of days, that is acceptable so long as all deadline dates are based on the date that the last of the notices is deposited in the mail. (As a hypothetical example, if the Settlement Administrator mailed batches of notices on April 20, 21 and 22, 2015, then the deadline date for opting out or objecting would be June 6, 2015).

6.    For any notice sent by the Settlement Administrator to a Plaintiff that is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall mail the notice to the forwarding address. For any notice returned as undeliverable, the Settlement Administrator will make reasonable skip tracing efforts to locate a new address for that Plaintiff and, if a new address has been found, mail the notice to the new address. If a Plaintiff contacts the Settlement Administrator to request a notice, the Settlement Administrator shall comply with such a request so long as the identity of the requesting party matches its records. Within fifteen (15) days after the expiration of the deadline for opting out of the Litigation, the Settlement Administrator shall provide a report to the parties indicating the number of Plaintiffs in each class for whom the most recent attempt at mailing them a notice did not result in the notice being returned as undeliverable. For purposes of the distribution of Settlement Funds set forth in Paragraph 18, the aforementioned Plaintiffs will be referred as the Located Plaintiffs, with the remaining Plaintiffs referred to as the Non-Located Plaintiffs.

7.    Upon the filing of this Agreement with the Court, Norred will serve upon the appropriate State official of each State in which a Plaintiff resides and the United States Attorney General, a notice of the proposed Settlement, in accordance with 28 U.S.C. § 1715, will provide a copy of this notice to Plaintiff's Counsel, and will file with the Court a notice of compliance with

28 U.S.C. § 1715. The aforementioned notice will be in a form substantially similar to that attached as <u>Exhibit E</u>.

### **<u>OPT-OUT PROCEDURES</u>**

8.       Any Plaintiff shall have the right to be excluded (i.e., to "opt out") from the Settlement Classes. On or before the opt-out deadline established by the Court (but no more than forty-five (45) days after the mailing date of the Short Form Class Notice), each Plaintiff electing to opt out of the Settlement Classes must send by first class mail a written notice of such election addressed to the Settlement Administrator, indicating his or her name and address and containing a statement that he or she desires to be excluded from the Settlement Classes. Plaintiffs who do not timely (as measured by the postmark on such Plaintiff's written notice) opt out of the Settlement Classes by written notice correctly addressed and containing the requisite information shall remain members of the Settlement Classes and shall be bound by any order(s) of the Court regarding the Settlement Classes and the Settlement. The Settlement Administrator shall provide copies of any opt-out notices to Plaintiffs' Counsel and counsel for Norred within a reasonable time of receipt of the same by the Settlement Administrator, but no later than fourteen (14) days prior to the Final Fairness Hearing, unless received by the Settlement Administrator after such time, in which event Settlement Administrator shall immediately forward copies of the same to Plaintiffs' Counsel and counsel for Norred.

9.       The parties agree to negotiate in good faith to resolve any dispute by a Plaintiff concerning the relief to which that person is entitled under this Settlement Agreement ("Dispute"). A Dispute shall be initiated by serving a written notice ("Notice of Dispute") on Plaintiffs' Counsel (unless the Dispute is initiated on the member's behalf by Plaintiff's Counsel) and counsel for Norred, postmarked within thirty (30) days of the action or inaction giving rise to

the Dispute. The Notice of Dispute shall include such Plaintiff's name, address, telephone number and a detailed description of the dispute. Any Dispute that the parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute. If a Dispute is submitted to the Court, the Court shall award to the prevailing party, if any, the costs and attorneys' fees reasonably incurred by the prevailing party. If the Court determines a party to be the prevailing party under circumstances where the prevailing party won on some but not all of the claims and counterclaims, the Court may award the prevailing party an appropriate percentage of the costs and attorneys' fees reasonably incurred by the prevailing party in connection with the Dispute.

## FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

10.     The parties agree to request that the Court hold a Final Fairness Hearing and to request that the Court enter an order finally approving the Settlement ("Final Judgment and Order").

11.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after completion by Norred of the notice requirement in 28 U.S.C. § 1715.

12.     The parties intend to seek a Final Judgment and Order, substantially in the form of Exhibit F, that shall:

a.     Approve this Settlement Agreement without modification (except insofar as agreed upon by the parties) as fair, reasonable, and adequate to the Settlement Classes, and direct its consummation according to its terms;

b.     Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii)

Case 2:13-cv-04280-NKL   Document 73-1   Filed 03/27/15   Page 11 of 62

constitutes notice that is reasonably calculated, under the circumstances, to apprise Plaintiffs of the pendency of the Litigation, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.     Find that all Plaintiffs except those who have properly excluded themselves shall be bound by the Settlement Agreement, including the release provisions and covenant not to sue;

d.     Direct that judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Litigation and ruling that no costs or fees be assessed on either party beyond the attorneys' fees and expenses provided for in Paragraph 22 below;

e.     Incorporate the release and related provisions set forth below in Paragraphs 26 through 35 of this Settlement Agreement and forever bar any claims or liabilities related to the Litigation or any Class Member Released Claims or Named Plaintiff Released Claims (as defined below) against the Released Parties (as defined below);

f.     Approve payment of the benefits to the class members and the service award to Named Plaintiff described by Paragraphs 18, 19 and 23 below, approve the Agreed Amount of attorneys' fees and costs described and limited by Paragraph 22 below, and make any necessary findings with regard to those approvals;

g.     Approve the parties' designated *cy pres* entity (or some other person or entity deemed suitable by the Court) to receive any unclaimed settlement funds to the extent that a distribution of such funds to Plaintiffs is not feasible; and

h.     Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

13.     This Settlement Agreement shall become effective and be deemed final only after the expiration of ten (10) days after the Final Judgment and Order is rendered not subject to any appeal, attempt to re-open the judgment, or request to extend the time to seek an appeal, or, if an appeal had been sought, the expiration of ten (10) days after the last of (i) the final disposition of any such appeal and (ii) any further proceedings in the trial court or on subsequent appeal, which ultimate disposition approves the Court's Final Judgment and Order ("Effective Date").

14.     The parties agree that the intent of this Settlement Agreement is that all claims in the Litigation will be dismissed with prejudice within ten (10) days after the Effective Date, and further agree that each party will take all actions necessary to accomplish that objective. The parties further agree that after the aforementioned dismissal, the Court may continue to exercise jurisdiction over the Litigation until the parties' settlement is fully administered and no matters remain for the Court's resolution.

15.     Any objection to the Settlement or petition to intervene in the Litigation must be in writing, and must include: (1) evidence that the objector or intervenor is a member of the Settlement Classes as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list

of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing. Such objection must be filed with the Court (via the Clerk of the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101) and served upon counsel for all parties by first class mail no later than forty-five (45) days after the date of mailing of the Short Form Class Notice.

16.     No Plaintiff shall be entitled to contest in any way the approval of the terms and conditions of this Settlement Agreement or the Final Judgment and Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement. Any Plaintiff who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement. Any Plaintiff who fails to opt out of the Settlement Classes in accordance with this Settlement Agreement shall be bound by the terms of this Settlement.

17.     In the event the Court or any other court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment and Order, as defined below, or holds that the Final Judgment and Order should be modified in any material way, then (a) the parties may jointly agree to accept the Settlement Agreement as judicially modified; or (b) if all parties do not jointly agree to accept the Settlement Agreement as judicially modified, any party may appeal such ruling. If any such appeal is filed and the Settlement Agreement and Final Judgment and Order or its equivalent in all material respects are not in effect after the termination of all proceedings arising out of such appeal, then unless the parties jointly agree otherwise, this Settlement Agreement shall become null and void, and the parties will thereafter jointly request that the case proceed. The parties may agree by stipulation executed by counsel to

modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of the Settlement Agreement or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement. Any such stipulation shall be filed with the Court and subject to Court approval.

## BENEFITS TO THE SETTLEMENT CLASSES

18.     As soon as practicable after the Effective Date, but in no event longer than fifteen (15) days thereafter, Norred shall transfer or cause to be transferred to the Settlement Administrator the sum of $350,000 to represent a Settlement Fund, to be distributed *pro rata*, payable by check, to all Located Plaintiffs (see Paragraph 6), with members of the Disclosure Class to receive a single proportionate share of the Settlement Fund, and members of the Adverse Action Class to receive a single proportionate share of the Settlement Fund that is weighted at three (3) times the amount of the single proportionate share calculated  for the Disclosure Class.

19.     Recovery for members of the Disclosure Class shall be capped at $250 per Plaintiff, and recovery for members of the Adverse Action Class shall be capped at $750 per Plaintiff.  Individuals who are members of more than one Settlement Class may receive multiple recoveries, to be paid through one aggregated check.  As an example only, and pursuant to the aforementioned caps, a Plaintiff who is a member of both classes would be eligible to recover up to $1,000 ($250 as a member of the Disclosure Class and $750 as a member of the Adverse Action Class).  The aforementioned caps shall not apply if one or more Additional Distributions occur (see Paragraph 25 below); however, in no event will a Plaintiff who is a member of a Settlement Class receive more than $1,000 with respect to that Plaintiff's participation in that Settlement Class.  In the unlikely event that a distribution of settlement funds to Plaintiffs under

Paragraph 18 or 25 would result in any Plaintiff receiving a total payment of more than $1,000 with respect to his or her participation in a settlement class, the parties agree that the difference between such payment and $1,000 will revert to Norred, in light of the fact that $1,000 is the maximum amount of relief per settlement class that can be obtained by a Plaintiff under the claims asserted in the Litigation.

20. Each settlement check issued pursuant to Paragraph 18 or 25 may include the following memo: "Alame Class Action Settlement Payment."

21. Any undeliverable checks, returned checks, uncashed checks or non-negotiated checks connected to this Settlement Agreement (including but not limited to the payments in Paragraph 18), shall return to the Settlement Fund for disposition pursuant to the terms of this Settlement Agreement. Subject to such terms, including the provision regarding Additional Distributions and *cy pres* donation in Paragraph 25, the parties otherwise agree that all members of the Settlement Classes waive and abandon any ownership interest in such undeliverable, returned, uncashed, or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, or non-negotiated checks.

## ATTORNEYS' FEES AND EXPENSES
## AND INCENTIVE AWARD TO CLASS REPRESENTATIVES

22. Norred understands that Plaintiffs intend to seek an order from the Court awarding to Plaintiffs' Counsel attorneys' fees and customary, reasonable and documented out-of-pocket expenses incurred by Plaintiffs' Counsel in the Litigation to be paid from the Settlement Fund, with such fees not to exceed thirty-three percent (33%) of the Settlement Fund (i.e., $115,500) and such customary, reasonable and documented out-of-pocket expenses to be paid in the amount in which they were incurred (together, the "Agreed Amount"). Plaintiffs

agree to provide Norred with documentation for all claimed costs for review and verification. Norred agrees not to oppose Plaintiffs' motion to the Court for approval of an award of the Agreed Amount. Plaintiffs agree that they will not seek, by motion to the Court or otherwise, attorneys' fees or expenses in excess of, in addition to, or beyond the Agreed Amount. Payment of the Agreed Amount, or any lesser amount awarded by the Court, shall be made to Plaintiffs' Counsel within twenty (20) days after (i) the Effective Date, or (ii) the date of the Court's order awarding the Agreed Amount or any lesser amount pursuant to this Paragraph, whichever is later. Norred shall have no other payment obligations owed to Plaintiffs' Counsel relating to this case for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose incurred.

23.     Norred further understands that Plaintiffs intend to seek an order from the Court awarding Named Plaintiff a separate service award of $7,500, to be paid from the Settlement Fund, as consideration for acting as Named Plaintiff in the Litigation, and as consideration for the release he is giving Norred pursuant to Paragraphs 26 through 35 of this Settlement Agreement. Norred agrees not to oppose Plaintiffs' motion to the Court for approval of an award of this amount.

## PAYMENT AND DISTRIBUTION PROCEDURES

24.     All payments to Plaintiffs pursuant to this Settlement Agreement shall be made by check and delivered by first class mail, postmarked within thirty (30) days of the Effective Date, to each Plaintiff determined by the Settlement Administrator to have timely submitted a properly completed Claim Form and to be otherwise eligible for payment from the Settlement Fund, to the address designated for such Plaintiff by the Settlement Administrator. The Settlement Administrator shall include with such check a Form 1099 for any Plaintiff as to whom such form

is required; Norred shall provide the Settlement Administrator with any social security number data that it possesses for such Plaintiffs, to be used for the purpose of tax reporting only. All checks issued pursuant to this paragraph or pursuant to any Additional Distribution (see paragraph 25 below) shall expire sixty (60) days after they are issued, and shall so indicate on their face. For any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address. For any check returned as undeliverable, the Settlement Administrator will make reasonable skip tracing efforts to locate a new address and, if a new address has been found, mail the check to the new address. If a Plaintiff contacts the Settlement Administrator to request a replacement check, the Settlement Administrator shall comply with such a request by cancelling the initial check and issuing a replacement. However, the replacement check shall expire on the same date as the original check.

25.     Upon deduction from the Settlement Fund of all administration costs and the Agreed Amount, and within thirty (30) days after the expiration date for all checks issued as distributions of settlement proceeds, the Settlement Administrator shall provide a report to the parties indicating the number of Plaintiffs in each class for whom the most recent attempt at mailing them a check resulted in an undeliverable notice and the total of amount of money associated with said checks (hereinafter referred to as Undeliverable Checks); the number of Plaintiffs in each class for whom the most recent attempt at mailing them a check did not result in an undeliverable notice and for whom the check was not cashed, and the amount of money associated with said checks (hereinafter referred to as Uncashed Checks); and, the estimated cost of making an Additional Distribution of settlement funds to the Plaintiffs for whom the most recent attempt at mailing them a check did not result in an undeliverable notice. After receipt of

the aforementioned report, and prior to the Final Fairness Hearing, Plaintiffs shall request approval from the Court to do either of the following: (a) donate the amount of money in the Settlement Fund associated with Undeliverable Checks to the U.S. Committee for Refugees and Immigrants ("USCRI") (a non-profit relief agency that includes employment assistance as one of the services it provides) as a *cy pres* recipient; or (b) distribute said money (through an Additional Distribution in *pro rata* fashion as described in Paragraph 18) to the Plaintiffs for whom the most recent attempt at mailing them a check did not result in an undeliverable notice. If an Additional Distribution occurs, and there is still money remaining in the Settlement Fund after deduction of administrative costs and the expiration of the Additional Distribution settlement checks, Plaintiffs shall repeat the aforementioned court approval process for a *cy pres* donation or Additional Distribution until no other funds from Undeliverable Checks remain in the Settlement Fund. It is the intent of the parties that the amount of money remaining in the Settlement Fund associated with Uncashed Checks will revert to Norred, with the exception that the Court may determine, after giving the parties a reasonable opportunity to provide their positions on the issue, that some or all of such funds must be included in an Additional Distribution.

## **RELEASE AND COVENANT NOT TO SUE**

26.     On the Effective Date of this Settlement Agreement, for the Settlement Class benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Plaintiffs who have not timely and properly opted out of the Settlement Classes, and their respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (collectively, the "Class Member Releasing Parties") fully and

forever release, acquit, and discharge Norred and its affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, agents (including but not limited to any person or entity that Plaintiffs have alleged to be an agent of Norred), officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively referred to as the "Released Parties"), collectively, separately, individually and severally, from any and all claims the Class Member Releasing Parties have arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in the Litigation, including but not limited to any and all claims under the FCRA, and including but in no way limited to any claims related directly or indirectly in any manner whatsoever to those claims raised by Plaintiffs, Plaintiffs' Counsel, or the Settlement Class members in any pleading, motion, or brief (collectively, the "Class Member Released Claims"). It is expressly intended and understood by the parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims.

27. On the Effective Date of this Settlement Agreement, for the benefits provided to Named Plaintiff under this Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Named Plaintiff and his respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (the "Named Plaintiff Releasing Parties") fully and forever release, acquit, and discharge the Released Parties, collectively, separately, individually and severally, from any

and all manner of claims, grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that any Named Plaintiff Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date (collectively, the "Named Plaintiff Released Claims"). It is expressly intended and understood by the parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Named Plaintiff Released Claims.

28.     The Class Member Releasing Parties and Named Plaintiff Releasing Parties acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations in and subject matter of the Litigation or otherwise with respect to the Released Claims. Nevertheless, it is the intention of the Class Member Releasing Parties and Named Plaintiff Releasing Parties to fully,

finally, and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Litigation) from the beginning of the world through the Effective Date.

29.     The releases by the Class Member Releasing Parties and Named Plaintiff Releasing Parties in Paragraphs 26 through 35 shall be jointly termed the "Release."  The Release shall be self-executing as of the Effective Date.

30.     The Class Member Releasing Parties and Named Plaintiff Releasing Parties hereby expressly acknowledge that certain principles of law applicable in some states limit the application of a release.  To the full extent that such legal principles may be applicable, and notwithstanding the choice of law provision in this Settlement Agreement, the Class Member Releasing Parties and Named Plaintiff Releasing Parties hereby agree that such principles of law are hereby knowingly and voluntarily waived and relinquished by the Class Member Releasing Parties and Named Plaintiff Releasing Parties, and the Class Member Releasing Parties and Named Plaintiff Releasing Parties agree and acknowledge that this provision and the inclusion of unknown and unsuspected claims in the Release were separately bargained for and are essential terms of this Settlement Agreement and the Release.

31.     The Class Member Releasing Parties and Named Plaintiff Releasing Parties further agree that no third party shall bring any claim released herein on their behalf.

32.     The Class Member Releasing Parties and Named Plaintiff Releasing Parties further covenant and agree that (a) they will not sue or bring any action or cause of action, including by way of third-party claim, cross-claim, or counterclaim, against any of the Released Parties with respect to any of the Class Member Released Claims or Named Plaintiff Released Claims, respectively; (b) they will not initiate or participate in bringing or pursuing any class action

against any of the Released Parties with respect to any of the Class Member Released Claims or Named Plaintiff Released Claims, respectively; (c) if involuntarily included in any such class action encompassing Class Member Released Claims or Named Plaintiff Released Claims, respectively, they will opt out of the lawsuit if possible; and (d) they will not voluntarily and knowingly assist any third party in initiating or pursuing a class action suit in respect of any of the Class Member Released Claims or Named Plaintiff Released Claims, respectively.

33.     The Release may be raised as a complete defense to bar any action, claim, or demand brought in contravention of this Settlement Agreement. In the event any such action, claim, or demand is brought or pursued in violation of the Release, any party seeking to rely on this Release shall provide written notice to the person bringing or pursuing such barred action, claim, or demand indicating the party asserting the Release believes the action, claim or demand is barred by the Release.  The person bringing or pursuing such barred action, claim, or demand, shall have a reasonable opportunity to cure.  If the person bringing or pursuing such barred action, claim, or demand fails to cure, it shall indemnify and hold harmless the party against whom such action, claim, or demand is brought from and against any and all judgments, costs, and expenses arising therefrom (including but not limited to reasonable attorneys' fees and disbursements of counsel and other professionals and court costs incurred in connection therewith), it being the intent that the substantially prevailing party shall be entitled to indemnification from the substantially non-prevailing party involved in any such action.

34.     The Release does not bar any Class Member Releasing Party, Named Plaintiff Releasing Party, or Released Party from bringing an action, claim, or demand to enforce the terms of this Settlement Agreement.  In the event of any action, claim, or demand brought to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to any and

all costs and expenses arising therefrom (including but not limited to reasonable attorneys' fees and disbursements of counsel and other professionals and court costs incurred in connection therewith).

35.    It is expressly understood and acknowledged by the parties that the provisions of the Release constitute essential and material terms of the Settlement Agreement to be included in the Final Order and Judgment entered by the Court.

## NO ADMISSION OF LIABILITY

36.    Norred denies Named Plaintiff's allegations, denies that the Litigation is suitable for class treatment under any circumstances other than settlement, and further denies liability to Named Plaintiff or to any other person who may be similarly situated, including all members of the Settlement Classes.  It is specifically agreed that the execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by Norred, an admission that Norred violated any provision of any federal or state law, or an admission that Norred concedes that class treatment of the Litigation is appropriate under any circumstances other than settlement.  Norred considers it desirable that this action and the claims alleged therein be settled upon the terms and conditions set forth in this Settlement Agreement in order to avoid further expense and burdensome, protracted litigation, and to put to rest the Class Member Released Claims and Named Plaintiff Released Claims described herein.

## TOTAL RELIEF

37.    The parties expressly agree that under no circumstances whatsoever shall Norred be responsible for paying any monies, benefits, costs, expenses, or attorneys' fees in settlement of this Litigation other than as expressly provided for in this Settlement Agreement, nor will

Norred be required to take any action heretofore or incur any liability or pay an expense or be required to do any other thing, except as expressly provided herein.

## EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

38.    Neither this Settlement Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Norred, or as a waiver by Norred of any applicable defense to the merits of the claims asserted or to Named Plaintiff's ability to maintain this action as a class action.

## COMMUNICATION REGARDING SETTLEMENT TO THIRD PARTIES

39.    Counsel for either party, as well as Named Plaintiff, shall not make any public announcement or press release regarding this Settlement nor initiate any contact of any kind with the press regarding this Litigation or Settlement.  If, after the motion for preliminary approval has been publicly filed, counsel for either party or Named Plaintiff receives any inquiry regarding this Settlement from a person who is not a Plaintiff, such party or counsel shall make no comment. Plaintiffs' Counsel shall not initiate communications with Plaintiffs who are not already individually represented by Plaintiffs' Counsel regarding this Settlement in any manner other than in accordance with the terms of this Settlement Agreement. However, with respect to any inquiries regarding this Settlement which are initiated by Plaintiffs, Plaintiffs' Counsel may respond to such class members in accordance with their professional duties and responsibilities. After this Settlement has been preliminarily approved, Plaintiffs' Counsel may note on a page within its website that the matter has settled, and may provide a link to the Settlement Website on that page.  The text and contents of such webpage shall be limited in substance to the

information described above, and the phrasing of such text shall be subject to Norred's approval, which approval shall not be unreasonably withheld. Nothing herein is intended to limit or waive the confidentiality of attorney-client privilege between Plaintiffs' Counsel and their current clients and class members, nor is anything herein intended to limit the ability of Plaintiffs' Counsel to make truthful representations to judicial authorities regarding either its appointment as class counsel or the settlement of this Litigation.

40. Notwithstanding anything to the contrary, nothing in this Agreement shall prevent the disclosure of confidential information or the terms hereunder to lawyers, accountants, auditors, insurers/reinsurers (if any), together with such insurers/reinsurers' third party service providers, actuaries or intermediaries (collectively "Recipients") or regulators, provided the disclosure of the information is reasonably necessary to effectuate the terms of this Agreement, or is required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance. Prior to disclosure, the Recipients shall be informed of the confidential nature of the information and shall agree to keep such information confidential.

## CHOICE OF LAW

41. This Settlement Agreement and its exhibits shall be governed by the laws of the State of Missouri without regard to application of the choice of law rules of any jurisdiction. So long as this Settlement Agreement is valid and enforceable under the laws of the State of Missouri, the parties agree that no statutory or common law of any other state shall be used to invalidate or render unenforceable any part of this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

42.     The failure of any party to exercise any rights hereunder shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

43.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

44.     The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

45.     None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

46.     This Settlement Agreement constitutes the full and entire agreement among the parties with regard to the subject matter hereof, and supersedes all prior representations, agreements, promises, or warranties, written, or oral or otherwise, made by any party.  No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in this Settlement Agreement.  This Settlement Agreement shall not be modified in any respect except by a writing executed by and among the parties.  Each party has undertaken its own investigation of

the relevant facts and law and has concluded that this Settlement Agreement is in the best interests of that party. No party has relied on any representation made by any other party in deciding whether to enter into this Settlement Agreement.

47. Each party hereto warrants and represents to the other that the party signing this Settlement Agreement on behalf of the respective parties is duly authorized to sign this Settlement Agreement and that this Settlement Agreement is binding and enforceable as to each of the respective parties.

48. This Settlement Agreement may be executed in separate counterparts without each party signing the same, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument, and each such counterpart shall constitute one and the same agreement; provided, however, this Settlement Agreement shall not be binding until it has been executed by everyone for whom a signature line has been provided. This Settlement Agreement shall become effective upon the Effective Date.

49. As agents for the receipt of communications among the parties relating to this Settlement Agreement, Plaintiffs appoint Charles Jason Brown and Jayson A. Watkins, Brown & Associates, LLC, 301 S. U.S. 169 Hwy., Gower, Missouri 64454, and Norred appoints Nancy M. Leonard and Jack R. Wallace, Constangy, Brooks, Smith & Prophete, LLP, 2600 Grand Boulevard, Suite 750, Kansas City, Missouri 64108-4600. Any communication made in connection with this Settlement Agreement shall be deemed to have been served when sent by e-mail, overnight delivery, registered or certified mail postage prepaid, or delivered in person at the addresses designated in this paragraph.

IN WITNESS WHEREOF the parties and their counsel have caused to this Settlement Agreement to be duly executed.


_____     Date: _____
        Quenton Alame


COUNSEL FOR PLAINTIFFS

By: _____

Charles Jason Brown, Mo Bar No. 49952
Jayson A. Watkins, Mo Bar No. 61434
Brown & Associates LLC
301 S. U.S. 169 Hwy.
Gower, Missouri  64454
Telephone: 816-505-4529
Facsimile:  816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com


NORRED & ASSOCIATES, INC.

By: _____     Date: _____

Title: _____

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **QUENTON ALAME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:13-cv-04280-NKL** |
| **v.** | ) | |
| | ) | |
| **NORRED & ASSOCIATES, INC.,** | ) | |
| | ) | **PROPOSED ORDER** |
| **Defendant.** | ) | |
| | ) | |

Upon review and consideration of the parties' Second Amended Settlement Agreement (ECF No. XX) in the above-captioned case (the "Action"), this Court makes the following provisional findings, subject to reconsideration at the Final Approval Hearing defined below.

1.      The terms of the Second Amended Settlement Agreement, and the Settlement provided for therein, are within the range of possible settlement approval.  The Settlement is preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing described in Paragraph 15 of this Order.

2.      The definitions set forth in the Second Amended Settlement Agreement are hereby incorporated by reference into this Order.

3.      Solely for the purpose of settlement, in accordance with the Second Amended Settlement Agreement and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby certifies the following Settlement Classes:

a.      The "Disclosure Class" shall include all employees and prospective employees of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, during the period of November 20, 2011 to September 23, 2014, and who executed Norred's Consumer Authorization form.

b.      The "Adverse Action Class" shall include all employees and prospective employees of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) Norred decided not to employ the employee or prospective employee because of the results of the criminal background check during the period of November 20, 2011 to September 23, 2014; and (ii) Norred did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Norred's decision not to employ the employee or prospective employee.  Condition (i) in this class definition shall include employees and prospective employees who Norred decided not to employ based on dishonesty confirmed by the results of the criminal background check.

4.      Solely for the purpose of settlement, the Court provisionally finds as to each of the Settlement Classes that the requirements of Rule 23(a) are satisfied:

a.      Each of the Settlement Classes satisfies the numerosity requirement because the joinder of all members is impracticable. The Disclosure Class consists of approximately 1,800 members, and the Adverse Action Class consists of 4 members.

b.      There are questions of law and fact common to the Settlement Classes, including whether Norred's alleged conduct is covered by the FCRA, and the propriety of Norred's Consumer Authorization form, and whether Norred's alleged conduct was willful.

c.      The claims of the proposed Class Representative, Plaintiff Quenton Alame ("the Class Representative") are typical of the claims of the Settlement Classes that the Class Representative seeks to certify;

2

d.      The Class Representative and Brown & Associates, LLC will fairly and adequately protect the interests of the Settlement Classes;

5.      Solely for the purpose of settlement, the Court further provisionally finds as to each of the Settlement Classes that the requirements of Rule 23(b)(3) are satisfied:

a.      The questions of law or fact common to members of the Settlement Classes predominate over the questions affecting only individual members, in that the central issues in this litigation are common among Plaintiffs, and the elements of Plaintiffs' claims can be evaluated through common evidence; and

b.      Certification of the Settlement Classes is superior to other available methods for fair and efficient resolution of the controversy because individual claims are small, therefore providing little incentive for individual suits.

6.      For the purpose of this preliminary approval order and all matters relating to the Settlement and this Action, until further order of the Court, Plaintiff is hereby appointed as Class Representative.  The law firm of Brown & Associates, LLC is hereby appointed as counsel for the Class ("Class Counsel").  Rust Consulting, Inc. ("Rust") is hereby appointed to serve as Settlement Administrator.

7.      The Court finds that notice through first-class mailing of the Short Form Class Notice attached to this Order as Exhibit 1 ("Short Form Notice") pursuant to the procedures required by the Second Amended Settlement Agreement, in combination with the use of the website  as described in Paragraph 4 of the Second Amended Settlement Agreement (the "Settlement Website") is the best notice practicable under the circumstances.  Use of the Short Form Notice and the Settlement Website constitutes due and sufficient notice of this Settlement

3

to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process.

8.     The Notice of Proposed Class Action Settlement and Hearing attached to this Order as Exhibit 2 ("Long Form Notice") is hereby approved for posting on the Settlement Website. As required by Paragraph 4 of the Second Amended Settlement Agreement, the Settlement Website shall also include copies of the Second Amended Settlement Agreement (with attachments), relevant pleadings from this case, this Order, a Change of Address Form (in the form attached hereto as Exhibit 3), and a toll-free telephone number that Settlement Class members may call if they have any questions about the Settlement.

9.     Pursuant to the terms of Paragraph 5 of the Second Amended Settlement Agreement, Defendant is hereby directed to prepare and provide to the Settlement Administrator a list of all Settlement Class members ("Plaintiffs") on or before xxx.  On or before xxx, pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall cause the Short Form Notice to be sent via first-class U.S. mail, postage prepaid, to all Plaintiffs and shall also cause the Settlement Website and toll-free number to become active.  Each Short Form Notice shall reflect the particular Settlement Class or Classes of which the addressee is a member.  Should any Short Form Notice be returned as undeliverable with respect to a class member, the Settlement Administrator shall make reasonable skip tracing efforts to locate a valid address for the class member and re-send the Short Form Notice.

10.     Pursuant to Paragraph 8 of the Second Amended Settlement Agreement, any Plaintiff wishing to exclude himself or herself from the Settlement shall send, by first-class mail, written notice to the Settlement Administrator, indicating his or her name or address and that he or she desires to be excluded from the Settlement Class or Classes of which he or she is a

4

member ("Opt-Out Request"). All Opt Out Requests must be postmarked no later than xxxxxxxxxxx. Any Plaintiff who timely Opts Out from the Settlement shall no longer be a member of any Settlement Class, shall be barred from participating in the Settlement, shall have no right to object to the Settlement, and shall receive no benefit from the Settlement. Any Plaintiff who does not properly and timely opt out shall be included in the Settlement and shall remain a Settlement Class member and shall be bound by the Release and any Final Judgment entered in this Action.

11. Pursuant to Paragraphs 15 and 16 of the Second Amended Settlement Agreement, any Plaintiff wishing to object to the Settlement must submit an objection including: (1) evidence that the objector is a member of one or more of the Settlement Classes as defined herein; (2) a notice of intent to appear at the Final Fairness Hearing (defined at Paragraph 15 of this Order below); (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing. Such objection must be filed with the Court (via the Clerk of the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101) and served upon counsel for all parties by first class mail no later than xxxxxxxx.

12. No later than xxx, the Settlement Administrator will provide Class Counsel and Counsel for Norred with a declaration attesting to completion of the notice process set forth in the Second Amended Settlement Agreement, the number of Located Plaintiffs, the names of opt outs, and a summary of any disputes raised by any Plaintiffs.

5

13.    Memoranda in support of Final Approval of the Settlement and any petitions for attorneys' fees and Class Representative Incentive Awards shall be filed with the Clerk of the Court on or before xxxxxxxxxxxxxxxx.

14.    The Court preliminary approves the entity U.S. Committee for Refugees and Immigrants ("USCRI"), a non-profit relief agency that includes employment assistance as one of the services it provides, as a *cy pres* recipient that may receive a donation of unclaimed settlement funds in the event that is not feasible for such funds to be distributed to Plaintiffs. USCRI shall be identified in the Long Form Class Notice, so that Plaintiffs may have the opportunity to object to USCRI's status as *cy pres* recipient.

15.    A hearing (the "Final Approval Hearing") shall be held before the undersigned at xxxxxxxxxxxxxxxx in the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final order or judgment in the Action, any petition for attorneys' fees and incentive award, and other related matters. This Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Classes.

16.    Any Plaintiff who does not opt out of the Settlement may appear at the Final Approval Hearing in person or by counsel, if an appearance is filed and served in accordance with the Second Amended Settlement Agreement.  Such parties shall be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, and/or the requested award of attorneys' fees and incentive award.

17.    Even if not specifically mentioned herein, all elements of the Second Amended Settlement Agreement are approved by this Order.

6

18. The certification of the Settlement Classes under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission by any person, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of any party to oppose class certification in this action should the proposed Settlement not be granted final approval.

19. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated.

20. All proceedings in the Action other than such as may be necessary to carry out the terms and conditions in the Second Amended Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

SO ORDERED.


Dated:_____                    _____
                                                 The Honorable Judge Nanette K. Laughrey

**<u>EXHIBIT B</u>**

6 inches wide →

OUTSIDE OF
POST CARD

# COURT ORDERED
# NOTICE

Alame Class Action Settlement
c/o Rust Consulting, Inc.
PO Box
City State Zip

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#AA

↑

4.25 inches tall

**Quenton Alame**

**v.**

**Norred & Associates, Inc.
Class Action**

Notice Inside

Opt-Out / Objection Deadline:

XXXXX XXX, XXXXX

Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

FOLD

_____

_____

_____

↑

4.25 inches tall

Business Reply Mail Artwork
Or
Return Mail Artwork

3288587.1

A settlement has been reached in a class action lawsuit claiming statutory damages from Norred & Associates, Inc. ("Norred") for alleged violations of the Fair Credit Reporting Act ("FCRA"). The Plaintiff claims that Norred used an improper form (its "Consumer Authorization" form) in its criminal background check process that did not comply with the disclosure and authorization requirements of the FCRA. Plaintiff also claims that after being subject to a background check, he was declined for employment based on the results of the background check without being given a copy of the results of his background check and advance notice that he would be declined for employment. Norred vigorously denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses of continuing the case.

**Am I a Class Member?**  Norred's records indicate you are a Class Member. The settlement includes two classes. Norred's records show you are in the class or classes described below. You may recover as a member of both classes.

**What Can I Get?**  If the Court approves the settlement you will receive a payment. The settlement fund is $350,000. The amount of your specific payment will depend on which settlement class you are in and the amount of attorneys' fees and costs awarded by the Court, with claims capped at a maximum of $250 or $750 depending on the class. Norred's records show that during the time period of November 20, 2011 to September 23, 2014:

___ You executed Norred's Consumer Authorization form as part of seeking employment at Norred and having a criminal background check conducted on you.

___ You executed Norred's Consumer Authorization form as part of seeking employment at Norred, you were declined for employment because of the results of the criminal background check, you were not provided with a copy of the background check, and you were not given advance notice of Norred's decision not to employ you.

**What Am I Giving Up?**  Upon the Court's approval of the settlement, all members of the Settlement Classes who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Norred (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Norred as specified in the Second Amended Settlement Agreement) for all claims, including any claims for damages, arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in this case, including but not limited to any and all claims under the FCRA. To view the full terms of this release, which are contained in the Second Amended Settlement Agreement, please visit xxxxxxxxxxxxxxxxx.

← 4.25 inches tall →

FOLD

**How Do I Get a Payment?** To get a payment, you do not need to take action. To exclude yourself and keep any rights you may have to sue Norred over the legal issues in this lawsuit, write the settlement administrator by **xxxx xx, xxxx.** If you do not exclude yourself, you may object to the proposed settlement. To do so, you must file a written objection with the Court by **xxxx xx, xxxx.**

**Who Represents Me?** The Court appointed attorneys from Brown & Associates, LLC as Class Counsel. They will seek to be paid legal fees of up to 33% plus costs out of the settlement fund, You may also hire and pay for a lawyer at your expense.

**When Will the Court Consider the Proposed Settlement?**  The Court will hold the Final Approval Hearing at x:xx a.m. on **xxxxxxxxxx xx, xxxx** at the United States Courthouse, 80 Lafayette Street, Jefferson City, Missouri 65101.

**How Do I Get More Information?** For more information, visit www.xxxxxxxxxxxxxx.com, or contact the settlement administrator at 1-8xx-xxx-xxxx or via mail at Rust Consulting, Inc., PO Box xxxxxxx, xxxxxxxxxx, xx xxxxxxx.

**If you wish to opt out or object to this settlement, you must send your notification of the same to**
**the Settlement Administrator at the address above no later than xxxxxxxx xx, xxxx**
-------------------------------------------------------------------------------------------------------------------------

**<u>EXHIBIT C</u>**

**United States District Court, Western District of Missouri**

*Alame, et al. v. Norred & Associates, Inc.*
**Case No. 2:13-cv-04280-NKL**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that Norred & Associates, Inc. ("Norred") violated the Fair Credit Reporting Act ("FCRA"). Norred denies that it violated the law in any fashion whatsoever. The two sides disagree as to whether Norred's conduct was covered by the FCRA, whether Norred would be liable under the FCRA with respect to its conduct, and if so, the extent of any such liability. The parties have agreed to resolve the lawsuit by a settlement.

- The proposed settlement classes include employees or prospective employees of Norred who, during the time period of November 20, 2011 to September 23, 2014, were subject to a criminal background check by Norred, utilizing information obtained through a third party, and who executed Norred's Consumer Authorization form. The proposed settlement classes also include any of the aforementioned persons who meet both of the following two additional conditions: (1) Norred decided not to employ the employee or prospective employee because of the results of the background check; and (2) Norred did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Norred's decision not to employ the employee or prospective employee. In all cases, membership in the settlement classes will be determined based upon Norred's records.

- You may be eligible to receive benefits from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | If you have been identified as a class member and you have received through United States Mail a Short Form version of this Notice, you will receive a settlement disbursement subject to the terms set forth below (including a release of claims by you). |
| **Exclude Yourself** | Get no benefit (you will receive no monetary recovery). This is the only option that allows you ever to be part of any other lawsuit or legal action against Norred about the matters being resolved in this settlement. |
| **Object** | Write the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.
- The Court still has to decide whether to approve this settlement, which may take some time.

# TABLE OF CONTENTS

[to be inserted before finalization of document]

2

## Basic Information

## 1. Why did I get this notice?

You may be viewing this notice because you received a shorter version of this notice in the mail. This Notice has been posted for the benefit of potential members of one or both of the following two Settlement Classes:

> Disclosure Class: all employees and prospective employees of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, during the period of November 20, 2011 to September 23, 2014, and who executed Norred's Consumer Authorization form.

> Adverse Action Class: all employees and prospective employees of Norred on whom Norred conducted a criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) Norred decided not to employ the employee or prospective employee because of the results of the criminal background check during the period of November 20, 2011 to September 23, 2014; and (ii) Norred did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Norred's decision not to employ the employee or prospective employee. For the purpose of this class definition, condition (i) shall include employees and prospective employees who Norred decided not to employ based on dishonesty confirmed by the results of the criminal background check.

Composition of the Settlement Classes in all cases is based upon Norred's records.

This Notice has been posted because members of the Settlement Classes have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Classes.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Second Amended Settlement Agreement may be reviewed at the Settlement Website: xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx. This Notice contains only a summary of the Second Amended Settlement Agreement.

The Court in charge of this case is the United States District Court for the Western District of Missouri, and the case is known as *Alame v. Norred & Associates, Inc.*, Case No. 2:13-cv-04280-NKL. The person who filed this lawsuit is called "Plaintiff."

## 2. What is the lawsuit about?

Plaintiff alleges that Norred's Consumer Authorization form, signed by prospective employees as part of Norred's background check process, violates the FCRA because the disclosure is not in a document

3

that consists solely of the disclosure and further the disclosure is not a "clear and conspicuous" disclosure that a criminal records check will be conducted. Plaintiff also alleges that after applying for work with Norred, signing a Consumer Authorization form, and submitting to a criminal background check, he was declined for employment based on the results of the background check and was not provided with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Norred's decision not to employ him. Based on these allegations, Plaintiff seeks statutory damages.

Norred disputes Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Classes. In the lawsuit, Norred has denied Plaintiff's allegations and has raised a number of defenses to the claims asserted.

No court has found Norred to have violated the law in any way. No Court has found that Plaintiff could recover any certain amount in this litigation.

Although the Court has authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

## 3.  Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, a Representative Plaintiff ("Class Representative") seeks to assert claims on behalf of all members of a class or classes of similarly situated people. In a class action, people with similar claims are treated alike. The court is guardian of the class's interests and supervises the prosecution of the class claims by counsel for the Settlement Classes to assure that the representation is adequate. Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

## 4.  Why is there a settlement?

The Court did not decide this case in favor of Plaintiff or Norred. Instead, counsel for the Settlement Classes investigated the facts and applicable law regarding Plaintiff's claims and Norred's defenses. The parties engaged in lengthy and arm's-length negotiations to reach this settlement. Plaintiff and his counsel believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the classes.

Both sides agree that, by settling, Norred is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## 5.  How do I know if I am part of the Settlement?

You are a part of the settlement if you are covered by the definition of Disclosure Class or Adverse Action Class explained above in Section 1. If you received a postcard notice, Norred's records indicate you are a member of either or both of the Settlement Classes. If you are not certain as to

4

whether you are a member of the Settlement Class, you may contact the Settlement Administrator to find out. In all cases, the question of class membership will be determined based on Norred's records.

**The Settlement Benefits – What You Get**

**6.  What does the Settlement provide?**

If you are a member of a Settlement Class or Classes, you may receive benefits under the settlement.

Through this Settlement, Norred will contribute $350,000 to a Settlement Fund, to be distributed to members of the class based on a formula. The amount distributed to any individual claimant will depend on the number and type of claims submitted.  Payments will be made by check to members of the Settlement Classes who timely return properly-completed Claim Forms.

Members of the Disclosure Class who receive the shorter version of this Notice will receive a single proportionate share of the Settlement Fund.  Members of the Adverse Action Class who receive the shorter version of this Notice will receive a share weighted at three times the share of the Disclosure Class members.

Recoveries for members of the Disclosure Class will be capped at $250 per claim, and recovery for members of the Adverse Action Class will be capped at $750 per claim.  However, the actual settlement proceeds distributed to any particular claimant may vary depending upon the number of claims and claimants.

If any settlement funds associated with Undeliverable Checks remain after all checks have been distributed, and after all attorneys' fees, expenses and administrative costs have been paid, and it not feasible to distribute such remaining funds to class members, the remaining funds will be donated to U.S. Committee for Refugees and Immigrants ("USCRI"), a non-profit relief agency that includes employment assistance as one of the services it provides.

**7.  How can I get a benefit?**

To qualify and receive benefits, you must be a member of one of the settlement classes identified above and receive a shorter version of this Notice.

Your interest as a member of the Settlement Class(es) will be represented by Plaintiff and his counsel (as counsel for the Settlement Classes).  You will be bound by any judgment arising from the settlement. If the settlement is approved, the Settlement Administrator will send you any monies that you are entitled to under the settlement.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

**8.  When would I get my benefit?**

5

The Court will hold a Fairness Hearing at xxxxx on xxxxxxxxxxxx in the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101 to decide whether to approve the settlement. If the settlement is approved, there may be appeals. Payments to members of the Settlement Classes will be made only if the settlement is finally approved. This may take some time, so please be patient.

## 9.   What am I giving up to get a benefit or stay in the class or classes?

Upon the Court's approval of the settlement, all members of the Settlement Classes who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Norred (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Norred as specified in the Second Amended Settlement Agreement) for all claims, including any claims damages, arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in this case, including but not limited to any and all claims under the FCRA.  This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Second Amended Settlement Agreement, please visit xxxxxxxxxxxxxxxxx.

## 10.  How do I get out of the Settlement?

If you choose to be excluded from the Settlement, you will not be bound by any judgment or other final disposition of the lawsuits. You will retain any claims against Norred you might have. To request exclusion, you must state in writing your desire to be excluded from the Settlement Class(es). **Your request for exclusion must be sent by first class mail, postmarked on or before xxxxxxxxxxxxxxx**, addressed to:

Alame Claims Administrator
c/o Rust Consulting, Inc.
<<<address to be inserted>>>
<<<address to be inserted>>>
<<<toll-free number to be inserted>>>

**If the request is not postmarked on or before xxxxxxxxxxx, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims which arise out of or relate in any way to the claims in the case as specified in the Release referenced in Section 9 above.

## 11.  If I don't exclude myself, can I sue Norred for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Norred for the claims that this settlement resolves, even if you do not file a claim form. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## 12.  If I exclude myself, can I get benefits from this Settlement?

6

No. If you exclude yourself, you are not part of the settlement.

| The Lawyers Representing You |
|---|

| 13.  Do I have a lawyer in this case? |
|---|

The Court has appointed Plaintiff, Quenton Alame, as Class Representative. The Court has appointed the following attorneys as Counsel for the Settlement Classes: Charles Jason Brown and Jayson A. Watkins, Brown & Associates, LLC, 301 S. U.S. 169 Hwy., Gower, Missouri 64454, Telephone: 816-505-4529, Facsimile: 816-424-1337.

Counsel for the Settlement Classes represent the interests of the Settlement Classes. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

| 14.  How will the lawyers be paid? |
|---|

Counsel for the Settlement Classes intend to apply to the Court for an award of attorneys' fees, in an amount not greater than thirty-three percent (33%) of the Settlement Fund (i.e., $115,500), plus documented, customary out-of-pocket expenses incurred during the case.  The Court may award less. Counsel for the Settlement Classes also will seek compensation for Plaintiff as Class Representative in an amount not to exceed $7,500.  In both cases, these amounts will be paid directly out of the Settlement Fund.

| Objecting To The Settlement |
|---|

| 15.  How do I tell the court that I don't like the settlement? |
|---|

You can object to any aspect of the proposed settlement by filing and serving a written objection. Your written objection must include: (1) evidence that you are a member of the Settlement Class(es); (2) a notice of your intent to appear at the Fairness Hearing on at **x:xx a.m. on xxxxxxxxxxxxxx, xx, xxxx** in the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses why may be called to testify at the Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of the same, which you may offer at the Fairness Hearing.

**You must file any objection with the Clerk of the Court at the address below by xxxx xx, xxxx.**

United States District Court for the Western District of Missouri
80 Lafayette Street
Jefferson City, Missouri 65101
File: *Alame, et al. v. Norred & Associates, Inc.*, Case No. 2:13-cv-04280-NKL

87

**You must also send your objection by first class mail, postmarked on or before xxxx xx, xxxx**, to Counsel for the Settlement Classes and counsel for Norred. These documents should be mailed to Settlement Class Counsel at:

Charles Jason Brown
Jayson A. Watkins
Brown & Associates, LLC
301 S. U.S. 169 Hwy.
Gower, Missouri 64454

and to counsel for Norred at:

Nancy M. Leonard
Jack R. Wallace
Constangy, Brooks, Smith & Prophete, LLP
2600 Grand Blvd., Suire 750
Kansas City, Missouri 64108

Any member of the Settlement Classes who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

## 17. Where and when will the Court decide whether to approve the settlement?

There will be a Fairness Hearing to consider approval of the proposed settlement **at x:xx a.m. on xxxxxxxxxxxx xx, xxxx** at the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by the Class Representatives and Counsel for the Settlement Classes; and whether an order and final judgment should be entered approving the proposed settlement. The Court also will consider Settlement Class Counsel's application or an award of attorneys' fees and expenses and Class Representatives' compensation.

You will be represented at the Fairness Hearing by Counsel for the Settlement Classes, unless you choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

## 18. Do I have to come to the hearing?

8

No.  Counsel for the Settlement Classes will represent the Settlement Classes at the Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, if you wish.

**19.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send with your objection a notice of intention to appear at the hearing as described in Section 15 above.  You cannot speak at the hearing if you excluded yourself.

**Getting More Information**

**20.  Are there more details about the Settlement?**

This Notice is only a summary.  For a more detailed statement of the matters involved in the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101, File: *Alame v. Norred & Associations, Inc.*, Case No. 2:13-cv-04280-NKL.  The full Second Amended Settlement Agreement and certain pleadings filed in the cases are available at xxxxxxxxxxxxxxxx or can be requested, in writing, from the Settlement Administrator, identified in Section 10 above.

**21.  How do I get more information?**

You can visit xxxxxxxxxxxxxxx or contact the Settlement Administrator, identified in Section 10 above. **Please do not contact the Court for information.**

9

**<u>EXHIBIT D</u>**

# CHANGE OF ADDRESS FORM

First Name: _____

Middle: _____

Last: _____


Prior Address: _____

_____


Updated Address: _____

_____


**Submit via U.S. Mail to:**    Alame Class Action Settlement

                                      c/o      Rust Consulting, Inc.

                                        <address>

                                        <address>


*Be sure to print legibly and include street address, any apartment or unit number, city, state, and zip code.

# **EXHIBIT E**

**[INSERT DATE]**

**VIA OVERNIGHT DELIVERY**

The United States Attorney General and All
State Attorneys General Identified on the
Attached Service List

    **Re:**    **Notice Pursuant to the Class Action Fairness Act of 2005**
               ***Alame v. Norred & Associates, Inc.*, Case No. 2:13CV04280 (W.D. Mo.)**

Dear Sir or Madam:

        On behalf of Norred & Associates, Inc. ("Defendant"), and in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), this letter provides notice of a proposed settlement of the putative class action captioned *Alame v. Norred & Associates, Inc.*, Case No. 2:13CV04280 (W.D. Mo.).

        Section 1715 requires defendants participating in a proposed class action settlement to serve upon appropriate federal and state officials a notice containing information responsive to eight items enumerated in the statute. Defendant's responses to each of these items are below. Also enclosed is a flash drive containing documents relating to the settlement, as required by Section 1715. If you have any difficulty accessing any of the documents on the enclosed flash drive, please contact the undersigned.

**Item 1:**       *A copy of the complaint, any materials filed with the complaint, and any amended complaints. 28 U.S.C. § 1715(b)(1).*

        Plaintiff filed the Class Action Complaint with exhibits on November 20, 2013, a copy of which is included on the enclosed flash drive. Also enclosed is an Amended Complaint with exhibits filed on February 7, 2014.

**Item 2:**       *Notice of any scheduled judicial hearing in the class action. 28 U.S.C. § 1715(b)(2).*

        On [_____], 2014, the Court scheduled a hearing on the Joint Motion for Preliminary Approval of Settlement for [_____], 2014, at [___] a.m.

**Items 3 & 4:** *Any proposed or final notification to the class members. 28 U.S.C. § 1715(b)(3); any proposed or final class action settlement. 28 U.S.C. § 1715(b)(4).*

The parties have submitted a proposed Second Amended Settlement Agreement, which constitutes the proposed class action settlement. The parties have also filed a Joint Motion for Preliminary Approval of Proposed Settlement ("Joint Motion"). A copy of the Joint Motion and Second Amended Settlement Agreement is included in the enclosed flash drive. The Joint Motion explains the history of the litigation and summarizes the terms of the settlement. The proposed short form and long form notices to class members are attached to the Joint Motion as Exhibit X.

**Item 5:** *Any settlement or other agreement contemporaneously made between class counsel and counsel for the defendant. 28 U.S.C. § 1715(b)(5).*

No other settlement or other agreement was contemporaneously made between counsel for Defendant and counsel for Plaintiff and the Settlement Classes.

**Item 6:** *Any final judgment or notice of dismissal. 28 U.S.C. § 1715(b)(6).*

No final judgment or notice of dismissal has yet been entered.

**Item 7:** *Either (i) the names of class members who reside in each State and estimated proportionate share of such members to the entire settlement; or, (ii) if not feasible, a reasonable estimate of the number of class members residing in each State and estimated proportionate share of such members to the entire settlement. 28 U.S.C. § 1715(a)(7)(A)-(B).*

Based on the information presently known to the parties, and pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that approximately ___% of the _____ settlement class members are residents of the State of _____, with said residents to receive approximately _____% of the settlement funds to be distributed.

**Item 8:** *Any written judicial opinions relating to subparagraphs (3) through (6) under § 1715. 28 U.S.C. § 1715(b)(8).*

The Court has not entered an order or opinion relating to the Joint Motion or any of the matters referenced in Items 3 through 6 above.

*      *      *

The table below provides an index of the materials that we have included on the enclosed flash drive.

|  | **Description** |
|---|---|
|  |  |

3288603.1

| 1. | Class Action Complaint filed November 20, 2013 |
|----|--------------------------------------------------|
| 2. | Amended Complaint filed February 7, 2014 |
| 3. | Joint Motion for Preliminary Approval of Proposed Settlement, along with Second Amended Settlement Agreement and attached proposed Notices/Orders |

Sincerely,


[Name]


Enclosures (flash drive)

cc:    State Attorneys General

3288603.1

**<u>EXHIBIT F</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **QUENTON ALAME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:13-cv-04280-NKL** |
| **v.** | ) | |
| | ) | **FINAL JUDGMENT AND ORDER** |
| **NORRED & ASSOCIATES, INC.,** | ) | **APPROVING CLASS ACTION** |
| | ) | **SETTLEMENT** |
| **Defendant.** | ) | |
| | ) | |

**WHEREAS**, the parties in the above-captioned litigation (the "Litigation"), have moved for final approval of the class action settlement (the "Motion");

**WHEREAS**, the Court has considered the Second Amended Settlement Agreement (ECF No. [ ]), and accompanying documents, the Motion and exhibits, and the arguments and evidence presented at the Final Fairness Hearing held on_____, 2015; and

**WHEREAS**, all parties have consented to entry of this Order;

It is this _____ day of _____ , 2015 by the United States District Court for the Western District of Missouri, **ORDERED** that:

1.     The capitalized terms used in this Order have the same meaning as those defined in the Second Amended Settlement Agreement.

2.     The Court has jurisdiction to enter this Final Judgment and Order, including jurisdiction over the subject matter of the Litigation and jurisdiction over all parties to the Litigation, including all members of the Settlement Classes.

3.     Notice of the pendency of the Litigation as a class action and of the proposed Settlement was given to all members of the Settlement Classes who could be identified with reasonable effort. The form and method of notifying the Settlement Classes (a) was reasonable

1

3288609.1

and the best practicable notice, (b) was reasonably calculated, under the circumstances, to apprise potential class members of the pendency of the Litigation, the terms of the Settlement, the right to object to or exclude themselves from the Settlement, and the right to appear at the Final Fairness Hearing, (c) was due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) met the requirements of due process and the Federal Rules of Civil Procedure.

4.     The Court finds that there were no valid objections made to the Settlement or the Second Amended Settlement Agreement.  Thus, it is hereby determined that all members of the Settlement Classes are bound by this Final Judgment and Order.

5.     Any member of the Settlement Classes who filed a request for exclusion in the manner provided for in the Second Amended Settlement Agreement is excluded from the Settlement Classes and shall not be entitled to any benefit under the Second Amended Settlement Agreement.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement as set forth in the Second Amended Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the members of the Settlement Classes.  The Court further finds that the Settlement set forth in the Second Amended Settlement Agreement is the result of arm's-length negotiations by counsel.  Accordingly, the Settlement is hereby approved in all respects.

7.     The individual and class claims asserted in the Litigation are hereby dismissed on the merits with prejudice as against the Released Parties and without costs or fees except for the attorneys' fees and expenses expressly provided for in the Second Amended Settlement Agreement.

8.     Paragraphs 26 through 35 of the Second Amended Settlement Agreement (the "Release") are incorporated by reference herein.  The Release shall be self-executing upon the Effective Date.

9.     The fact and terms of the Second Amended Settlement Agreement, including Exhibits thereto, this Final Judgment and Order, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against Norred, other Released Parties, Named Plaintiff or the other members of the Settlement Classes as evidence of, or be deemed to be evidence of, any presumption, concession or admission by Norred or other Released Parties or by Plaintiff Quenton Alame ("Named Plaintiff") or the other members of the Settlement Classes with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or any Litigation, or of any liability, negligence, fault or wrongdoing of Norred or other Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party; and

(c)     shall not be offered or received against the Released Parties, Named Plaintiff or the other members of the Settlement Classes as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Second Amended

3

Settlement Agreement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Second Amended Settlement Agreement; provided, however, that if this Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder.

10.     The Court hereby confirms its appointment of Named Plaintiff as Class Representative for the Settlement Classes.

11.     The Court hereby confirms its appointment of Brown & Associates, LLC as class counsel to the Settlement Classes.

12.     The entity U.S. Committee for Refugees and Immigrants ("USCRI"), a non-profit relief agency that includes employment assistance as one of the services it provides, is approved by the Court as a "next best" *cy pres* recipient of unclaimed settlement funds to the extent it is not feasible to distribute funds from Undeliverable Checks to the Settlement Classes.

13.     As part of the Settlement, Class Counsel sought approval of attorneys' fees and expenses in the amount of_____, to be paid from the Settlement Fund.  Such amount is inclusive of all out-of-pocket expenses incurred by Class Counsel on behalf of the Settlement Classes.  The Court hereby approves and awards Class Counsel _____ in  attorneys' fees and expenses, to be paid from the Settlement Fund.

14.     The Court further awards and authorizes the payment of $7,500 from the Settlement Fund to Named Plaintiff as consideration for their acting as Class Representative in the Litigation, and as consideration for the general release they are giving to Norred pursuant to paragraphs 29-31 of the Amended Settlement Agreement.

4

15.     Without in any way affecting the finality of this Final Judgment and Order, the Court expressly retains jurisdiction as to all matters relating to the interpretation, administration, implementation, and enforcement of the Settlement Agreement and this Final Judgment and Order.

16.     Without further Order of the Court, the parties may agree to reasonable extensions of time, not to exceed fourteen days, to carry out any of the provisions of the Settlement Agreement.

_____
NANETTE K. LAUGHREY
United States District Judge

3288609.1