IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **QUENTON ALAME,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:13-cv-04280-NKL |
| **NORRED & ASSOCIATES, INC.,** | ) **FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |
| Defendant. | ) |

**WHEREAS**, the parties in the above-captioned litigation (the "Litigation"), have moved for final approval of the class action settlement (the "Motion");

**WHEREAS**, the Court has considered the Settlement Agreement (ECF No. 73), and accompanying documents, the Motion and exhibits, and the arguments and evidence presented at the Final Fairness Hearing held on August 27, 2015; and

**WHEREAS**, all parties have consented to entry of this Order;

It is this 27 day of August 2015 by the United States District Court for the District of Missouri, **ORDERED** that:

1. The capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement.

2. The Court has jurisdiction to enter this Final Judgment and Order, including jurisdiction over the subject matter of the Litigation and jurisdiction over all parties to the Litigation, including all members of the Settlement Classes.

3. Notice of the pendency of the Litigation as a class action and of the proposed Settlement was given to all members of the Settlement Classes who could be identified with reasonable effort. The form and method of notifying the Settlement Classes (a) was reasonable

1

and the best practicable notice, (b) was reasonably calculated, under the circumstances, to apprise potential class members of the pendency of the Litigation, the terms of the Settlement, the right to object to or exclude themselves from the Settlement, and the right to appear at the Final Fairness Hearing, (c) was due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) met the requirements of due process and the Federal Rules of Civil Procedure.

4. The Court finds that there were no valid objections made to the Settlement or the Settlement Agreement. Thus, it is hereby determined that all members of the Settlement Classes are bound by this Final Judgment and Order.

5. Any member of the Settlement Classes who filed a request for exclusion in the manner provided for in the Settlement Agreement is excluded from the Settlement Classes and shall not be entitled to any benefit under the Settlement Agreement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the members of the Settlement Classes. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations by counsel. Accordingly, the Settlement is hereby approved in all respects.

7. The individual and class claims asserted in the Litigation are hereby dismissed on the merits with prejudice as against the Released Parties and without costs or fees except for the attorneys' fees and expenses expressly provided for in the Settlement Agreement.

8. Paragraphs 29 through 31 of the Settlement Agreement (the "Release") are incorporated by reference herein. The Release shall be self-executing upon the Effective Date.

9. The fact and terms of the Settlement Agreement, including Exhibits thereto, this Final Judgment and Order, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against Norred, other Released Parties, Named Plaintiff or the other members of the Settlement Classes as evidence of, or be deemed to be evidence of, any presumption, concession or admission by Norred or other Released Parties or by Plaintiff Quenton Alame ("Named Plaintiff") or the other members of the Settlement Classes with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or any Litigation, or of any liability, negligence, fault or wrongdoing of Norred or other Released Parties;

(b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party; and

(c) shall not be offered or received against the Released Parties, Named Plaintiff or the other members of the Settlement Classes as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Agreement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement

Agreement; provided, however, that if this Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder.

10. The Court hereby confirms its appointment of Named Plaintiff as Class Representative for the Settlement Classes.

11. The Court hereby confirms its appointment of Brown & Associates, LLC as class counsel to the Settlement Classes.

12. As part of the Settlement, Class Counsel sought approval of attorneys' fees and expenses in the amount of $120,500, to be paid from the Settlement Fund. Such amount is inclusive of all out-of-pocket expenses incurred by Class Counsel on behalf of the Settlement Classes. The Court hereby approves and awards Class Counsel $120,500 in attorneys' fees and expenses, to be paid from the Settlement Fund.

13. The Court further awards and authorizes the payment of $7,500 from the Settlement Fund to Named Plaintiff as consideration for their acting as Class Representative in the Litigation, and as consideration for the general release they are giving to Norred pursuant to paragraphs 29-31 of the Settlement Agreement.

14. The parties are ordered to report to the Court by no later than April 27, 2016 about the amount of money remaining in undeliverable checks and the amount of money in uncashed checks so that a final determination may be made regarding whether a second distribution to the class is necessary or whether the funds from undeliverable checks should revert to the cy pres recipient and funds from the uncashed checks to the Defendant.

15. Without in any way affecting the finality of this Final Judgment and Order, the Court expressly retains jurisdiction as to all matters relating to the interpretation, administration,

implementation, and enforcement of the Settlement Agreement and this Final Judgment and Order.

16. Without further Order of the Court, the parties may agree to reasonable extensions of time, not to exceed fourteen days, to carry out any of the provisions of the Settlement Agreement.

/s/ Nanette Laughrey
NANETTE K. LAUGHREY
United States District Judge