THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| QUENTON ALAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:13-cv-04280-NKL |
| v. | ) |
| | ) |
| NORRED & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

COME NOW Plaintiff, Quenton Alame, and Defendant, Norred & Associates, Inc., by and through their attorneys of record, and hereby file their Joint Status Report as follows:

1. The parties provide this Joint Status Report in follow up to the previous Joint Status Report filed on April 27, 2016. In the Court's minute entry Order entered on August 27, 2015 (Doc. 77), the Court required the parties to submit a report regarding the undeliverable checks and uncashed checks from the initial distribution of settlement payments made in this action. The Court stated that it would then determine "whether there should be a second distribution to the class or whether the money from undeliverable checks should be paid to the *cy pres* recipient and the money from the uncashed checks should revert to the Defendant."

2. According to the Settlement Administrator for this action, the latest expiration date for the Settlement checks sent to the Class was May 3, 2016. *See* Exhibit A, Declaration of Amanda Myette, at ¶ 4. Out of the 1,682 checks mailed to the Class, none were returned undeliverable. However, 150 checks (now expired) went uncashed, with the total dollar amount of the aforementioned uncashed checks being $16,990.50. Should these uncashed check funds be re-distributed to the Class through an additional round of checks mailed to the other 1,532

Class Members who did cash their Settlement checks, the estimated total cost of doing so would be approximately $9,626. *Id.*

3. As noted above, with no undeliverable settlement checks, the only remaining question for resolution under the Court's August 27, 2015 Order is whether the $16,990.50 in uncashed check funds should be re-distributed to 1,532 Class Members or revert to Defendant. Considering the relatively small dollar volume of uncashed checks (less than 5 percent of the total Settlement Fund of $350,000), the relatively high cost of preparing and distributing another round of checks to the Class ($9,626, which is more than half the amount of uncashed funds), and the relatively small check amount that would go to each Class Member (approximately $4.80 after administration costs), the parties jointly request permission from the Court to allow the amount of uncashed funds to revert to Defendant.

Respectfully submitted this 13th day of May, 2016.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Jack R. Wallace
Nancy M. Leonard, Mo Bar No. 40482
Jack R. Wallace, Mo Bar No. 64633
2600 Grand Boulevard, Suite 750
Kansas City, MO 64108
Telephone: 816-472-6400
Facsimile: 816-472-6401
nleonard@constangy.com
jwallace@constangy.com

ATTORNEYS FOR DEFENDANT

and

2

3905508v.1
Case 2:13-cv-04280-NKL   Document 80   Filed 05/13/16   Page 2 of 3

**BROWN & ASSOCIATES LLC**

By: /s/  Jayson A. Watkins
    Charles Jason Brown, Mo Bar No. 49952
    Jayson A. Watkins, Mo Bar No. 61434
    301 S. US 169 Hwy.
    Gower, Missouri  64454
    Telephone: 816-505-4529
    Facsimile:  816-424-1337
    brown@brownandwatkins.com
    watkins@brownandwatkins.com

ATTORNEYS FOR PLAINTIFF